IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
DEC - 3 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk R. Nieto

| | | |
|---|---|---|
| JOEL BARRIENTES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-07-161 |
| | § | |
| CAPITAL TRUCKING, INC. and | § | |
| EVELIO LAZARO BOSCH, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on December 3, 2007, the Court considered Defendant's Notice of Removal, Dkt. No. 1, Plaintiff's Objections to Removal [and] Motion for Remand, Dkt. No. 5, and Defendant's Response to Plaintiff's Motion to Remand, Dkt. No. 7. For the following reasons, Plaintiff's Motion to Remand is **GRANTED**.

I.   **Background**

Plaintiff, Joel Barrientes, a Texas resident, filed suit in the 197th Judicial District Court of Cameron County, Texas against a Texas company called Capital Trucking, Inc. and served its registered agent, Larry W. Kimes, in Austin, Texas. Barrientes v. Capital Trucking, Inc., No. B-07-101, Dkt. No. 5, Ex. 2 at 2. However, this Court found that Plaintiff sued the wrong trucking company, for the company involved in the collision relevant to the lawsuit although also named Capital Trucking, Inc. was based in Illinois. Therefore, because Plaintiff sued the wrong company, the Texas company, there was no diversity and subsequently this Court remanded the case to state court. Barrientes, No. B-07-101, Dkt. No. 17.

In Texas state court on September 14, 2007, Plaintiff amended his complaint to sue Defendants Capital Trucking, Inc. of Illinois and Evelio Lazaro Bosch of Texas. Dkt. No. 1. Defendant Capital Trucking, Inc. then removed the suit to federal court pursuant to 28 U.S.C. § 1332(a). *Id.* at 2. Defendant Capital Trucking, Inc. asserts that there is diversity between the parties because it is a resident of Illinois and Plaintiff is a resident of Texas. *Id.* However, in this second suit, Plaintiff also sued Defendant Evelio Lazaro Bosch, a resident of Texas. Dkt. No. 1, Ex. I at 2. Defendant Capital Trucking, Inc. nonetheless asserts that there is complete diversity because Defendant Bosch is not a true defendant and was fraudulently joined as a defendant for the sole purpose of destroying diversity. Dkt. No. 1, at 2.

The collision which gave rise to this suit occurred on May 8, 2007, in Muskogee, Oklahoma. Dkt. No. 1, Ex. F. at 2. It involved three vehicles. *Id.* The front vehicle belonged to Plaintiff, Defendant Bosch operated the middle vehicle, and an agent Defendant Capital Trucking, Inc. operated the last vehicle. *Id.* Plaintiff alleged that the agent of Defendant Capital Trucking, Inc. caused the accident when he hit Defendant Bosch and caused Defendant Bosch's vehicle to hit Plaintiff's vehicle. *Id.* at 3. Plaintiff alleged that both Defendants failed to properly control their speed, observe traffic, or timely apply their brakes. *Id.* at 3-4. Plaintiff asserted such failures amounted to negligence per se. *Id.*

In the instant motion, Plaintiff moves this Court to remand this case to state court. Dkt. No. 5, at 1. Plaintiff asserts that the parties are not completely diverse, and therefore this Court does not have jurisdiction. *Id.* Defendant Capital Trucking, Inc. also filed a motion with this Court to dismiss for lack of personal jurisdiction. Dkt. No. 4. It asserts that there is no personal jurisdiction over it because Defendant Capital Trucking, Inc. has no minimum contacts with the forum state, Texas. *Id.* at 2.

## II.     Remand

This Court has diversity jurisdiction where the case involves citizens of different states and the alleged damage exceeds $75,000 in value, exclusive of interest and costs. 28 U.S.C. § 1332. For diversity purposes, a corporation is deemed to be a citizen of its

state of incorporation and the state in which it maintains its principal place of business. *Id.* at § 1332(c)(1). This diversity of citizenship must be complete — meaning that the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See* Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Mas v. Perry, 489 F.2d 1396, 1398–99 (5th Cir. 1974)). Defendant, as the removing party, bears the burden of establishing adequately that federal subject matter jurisdiction exists. Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775-75 (5th Cir. 1986). Remand is appropriate where the defendant fails to meet that burden.

Plaintiff, a Texas resident, sued another Texas resident as well as an Illinois resident. Thus it seems that the parties are not completely diverse. However, Defendant Capital Trucking, Inc. asserts that Defendant Bosch is a false defendant and Plaintiff only sued Defendant Bosch to defeat diversity. Dkt. No. 1, at 2. Defendant Capital Trucking, Inc. asserts that, "Defendant Bosch [was] in the middle in a three car accident. [Therefore,] Plaintiff has no tenable suit against Defendant Bosch." Dkt. No. 1, at 3. Defendant failed to provide any evidence to support this assertion.

A defendant is fraudulently joined where "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." Madison v. Vintage Petroleum, Inc., 114 F.3d 514, 516 (5th Cir. 1997) (emphasis in original) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Defendant does not allege that Plaintiff has attempted to defraud this Court, therefore this Court examines whether Defendant Bosch was fraudulently joined under the first part of the test.

Under Texas law, a vehicle in the middle of a multiple car collision may be attributed some liability for the collision. *See* L.A.-Pacific Corp. v. Knighten, 976 S.W.2d 674, 675 (Tex. 1998) (indicating that a vehicle propelled forward into one vehicle by another may be liable for failure to exercise due regard and reasonable care). *Accord* Whipple v. Occidental Fire & Cas. Co. of N.C., 1993 WL 35134, at *1-2 (E.D. La. 1993) (finding that a plaintiff could not recover against the driver of the middle vehicle in a three vehicle accident because depositions and answers to interrogatories indicated that the driver of

the middle vehicle was not negligent or partially at fault). Essentially, if Plaintiff can prove Defendant Bosch failed to act negligently or with due care and thereby contributed to the damage from the collision, there exists a possibility that Plaintiff may recover from Defendant Bosch. Defendant Capital Trucking, Inc. has failed to demonstrate with any evidence that there is "no possibility" Plaintiff may recover from Defendant Bosch. Therefore, Defendant Bosch is not a fraudulently joined defendant and the parties are not completely diverse.

### III.   Conclusion

BASED ON THE FOREGOING, the Court **GRANTS** Plaintiff's Motion to Remand, Dkt. No. 5. Subsequently, Defendant Capital Trucking, Inc.'s motion to dismiss is **DISMISSED** as moot.

DONE at Brownsville, Texas, on December 3, 2007.

_____
Hilda G. Tagle
United States District Judge